Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott M. Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to receive further evidence; reconsider the evidence; or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the incident giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between the plaintiff and defendant-employer.
3. The compensation carrier on the risk was Ohio Casualty Insurance Company.
4. The date of the alleged accident was 9 October 1992.
5. Plaintiff's average weekly wage may be determined from an Industrial Commission Form 22 Wage Chart, dated 13 April 1993.
6. Interrogatories to plaintiff and answers, marked as Stipulated Documents Number (1), are stipulated into evidence.
7. The medical records concerning plaintiff from Dr. James P. Applington are stipulated into evidence.
* * * * * * * * * * * * * * *
FINDINGS OF FACT
The Full Commission Adopts the findings of fact found by the Deputy Commissioner as follows:
1. At the time of the initial hearing of the above-captioned matter, plaintiff was an eighteen year old man, and a senior in high school.
2. Defendant-employer operates a restaurant in Kernersville, North Carolina.
3. In October of 1992, plaintiff was employed by defendant-employer on a part-time basis, after school, at defendant-employer's restaurant. Plaintiff's job duties with defendant-employer included bus boy work, dishwashing, and general clean up work. Plaintiff's duties also included carrying trash out of the restaurant and dumping it into a dumpster at night.
4. On Friday, 9 October 1992, plaintiff worked with defendant-employer, and performed his ordinary job duties in the usual manner without any interruption in his normal work routine. Plaintiff's duties that evening included taking out the garbage. Plaintiff did not experience any pain or discomfort at any time during that evening. In addition, plaintiff did not report to anyone at defendant-employer that he thought that he had hurt himself in any way.
5. Plaintiff's testimony that he experienced a "little pop" in his back on 9 October 1992 while emptying trash cans is not accepted by the undersigned as credible, based on plaintiff's testimony and demeanor, and the testimony of other witnesses.
6. On the weekend following 9 October 1992, plaintiff went out on Saturday night with friends, and was out for at least five to six hours, "driving around." Plaintiff then returned to school on the following Monday. On Tuesday, 13 October 1992, plaintiff first noticed that he was experiencing some discomfort in his leg. This pain first occurred while plaintiff was at school.
7. After 13 October 1992, plaintiff's leg pain gradually worsened. Plaintiff eventually sought medical treatment, after reporting his symptoms to his parents. Plaintiff was seen by Dr. James P. Applington with a history of having experienced right buttock and leg pain of approximately one month's duration. Plaintiff told Dr. Applington that he worked as a dishwasher in addition to going to school, and that he did heavy lifting on his job. Plaintiff did not report any accident or incident on 9 October 1992 to Dr. Applington, and did not at any time give the doctor a history of any specific traumatic incident on 9 October 1992.
8. Plaintiff had a ruptured disc at the L5-S1 level on the right side. As a result, plaintiff underwent surgery on 23 November 1992. By 5 January 1993, plaintiff had recovered from surgery, with only minor soreness and stiffness in his back and no leg pain.
9. On 21 April 1993, plaintiff was asymptomatic and was able to ride a lawn mower without any problems.
10. As a result of his ruptured disc and resulting surgery, plaintiff has a five percent permanent partial disability to his back.
* * * * * * * * * * * * * *
CONCLUSIONS OF LAW
Based upon the findings of fact, The Full Commission concludes as follows:
1. On or about 9 October 1992, plaintiff did not sustain an injury either as the direct result of a specific traumatic incident of the work assigned, nor from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, any injury sustained by plaintiff on or about 9 October 1992 did not result from an injury by accident arising out of and in the course of plaintiff's employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * * * * * *
ORDER
Based on the foregoing findings of fact and conclusions of law, The Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
1. Under the law, plaintiff's claim must be, and the same is hereby DENIED.
2. Each side shall bear its own costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER